UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRYYANNA NELSON ) | |
| ) | |
| Plaintiff, ) | Case: 1:23-cv-14473 |
| ) | |
| v. ) | |
| ) | |
| SOUTHPOINT NURSING & ) | |
| REHABILITATION CENTER, LLC, ) | |
| ) | Jury Trial Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Bryyanna Nelson ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Southpoint Nursing & Rehabilitation Center, LLC ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant

operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

5. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR") (attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Bryyanna Nelson, resided in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant Southpoint Nursing & Rehabilitation Center, LLC, is a corporation doing business in and for Cook County whose address is 250 Fencl Lane, Hillside, IL 60162.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(b).

## **BACKGROUND FACTS**

11. Plaintiff (female) was hired by Defendant as a Dietitian on or about July 17, 2022, and was employed by Defendant until she was unlawfully terminated on or around December 3, 2022 on the basis of her sex and in retaliation for opposing sexual harassment.

12. Defendant subjected Plaintiff to different terms and conditions of employment than others not within her protected class (female).

13. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

14. During her employment for Defendant, Plaintiff met or exceeded Defendant's performance expectations in all areas, as she never received a write-up nor a negative remark regarding performance during the duration of her employment

15. In or around early September 2022, Defendant's employee and Plaintiff's manager, Larry (LNU, male), began aggressively sexually harassing Plaintiff.

16. Larry told Plaintiff and her coworker, "Y'all are my two chocolate girls" and "You give me anything I want, you get the schedule you want."

17. Larry then said "favor for favor" while grabbing and rubbing his genitals.

18. Plaintiff adamantly refused, and went immediately to Human Resources to report this egregious quid pro quo sexual harassment.

19. To the best of Plaintiff's knowledge, no action was ever taken.

20. Defendant effectively allowed the intolerable sexual harassment to continue.

21. On another occasion, Larry told Plaintiff, "Meet me in the locker room by the basement, there's no camera there", "I can take care of your sexy self".

22. Larry then explicitly offered to perform oral sex on Plaintiff.

23. Plaintiff, who was incredibly disgusted and disturbed by her manager's advances, once again immediately reported the harassment to Human Resources.

24. Once again, Human Resources did nothing to remedy the situation.

25. Plaintiff was forced to continue working under her harasser's supervision and control, making her incredibly uncomfortable.

26. These unwanted advances by Larry continued, with no intervention or help from Human Resources despite Plaintiff reporting the conduct.

27. Plaintiff, feeling like she could not turn to her supervisors or Human Resources for help, called her union representative to report the sexual harassment.

28. Plaintiff was so distraught by the continued sexual harassment that she cried while explaining to the union representative everything that had occurred.

29. The union representative was shocked to hear that the harassment was ongoing, yet nothing had been done.

30. Upon information and belief, the union representative instructed Defendant and/or Defendant's Human Resources Department to remedy the situation.

31. Despite this clear instruction, Defendant failed to investigate the complaints and failed to take any remedial measures to protect Plaintiff from sexual harassment at the hands of her manager, Larry.

32. Plaintiff, who continued to feel scared and isolated, kept reporting Larry's inappropriate behavior.

33. After several complaints to her Administrator, Darrel (LNU), Plaintiff was told to

4

"just quit."

34. Unfortunately, as a result of Defendant's inaction to protect Plaintiff post-reporting illegal activity, things took a turn for the worse, and Plaintiff began to suffer physical assault in addition to continued sexual harassment and discrimination at the hands of Larry.

35. In or about October 2022, Larry grabbed Plaintiff's buttocks.

36. This assault left Plaintiff feeling violated and traumatized, and now more than ever, Plaintiff was afraid to be alone with him.

37. Plaintiff reported Larry's physical assault, and once again, no action was taken by Defendant, despite the fact that the harassment had now risen to the level of assault.

38. On or about December 2, 2022, Plaintiff was coming out of the women's restroom when Larry cornered her and said, "You stay wearing those tight pants"; "you're not going to be satisfied until I'm inside of you".

39. These explicit sexual comments made Plaintiff extremely uncomfortable, so she again reported Larry to Administrator Darnell.

40. Darnell brushed off Plaintiff's concerns and diminished her trauma, simply telling her to "get back to work" and that he would "deal with it later."

41. Darnell did nothing to "deal with" or remedy the situation.

42. Because no one in Defendant's company would take Plaintiff seriously or help protect her from egregious sexual harassment, Plaintiff was left with no choice but to report Larry to the Chicago Police.

43. Plaintiff called the police and Larry was charged for Battery- simple, and arrested.

44. Never once did Defendant do anything to put a stop to Larry's harassment or

5

punish him for his conduct prior to his arrest.

45. On or about December 3, 2022, just one day after Plaintiff engaged in protected activity by reporting Larry to the police, Plaintiff was terminated.

46. Plaintiff had no disciplinary issues or write-ups.

47. Plaintiff was terminated on the basis of her sex and in retaliation for engaging in protected activity.

48. This sexual discrimination and harassment by Plaintiff's coworkers was constant, hostile, severe, and pervasive, and permeated the entire workplace.

49. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff was the employee of Defendant and had supervisory authority over Plaintiff, and the incidents occurred at work.

50. Further, Defendant knew or should have known of the harassing conduct yet failed to take adequate corrective action.

51. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant, the union representative, and the police.

52. The explicit, degrading, and traumatic sexual assault has had a lasting impact on Plaintiff, who continues to struggle with the emotional aftermath to this day.

## COUNT I
### Violation of Title VII of the Civil Rights Act
### (Sexual Harassment)

53. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the

Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. Defendant knew or should have known of the harassment.

56. The sexual harassment was unusually severe or pervasive.

57. The sexual harassment was extremely offensive subjectively and objectively.

58. The sexual harassment was unwelcomed.

59. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, due to Plaintiff's sex, female.

60. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

61. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
### Violation of the Title VII of the Civil Rights Act
### (Sex-Based Discrimination)

62. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's sex, female, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

64. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendant.

65. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

66. Plaintiff's was terminated on the basis of Plaintiff's sex.

67. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

68. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

70. Plaintiff repeats and re-alleges paragraphs 1-53 as if fully stated herein.

71. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

72. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about sexual harassment and sex-based discrimination that she was continuously subjected to.

73. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

74. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

75. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

76. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, including but not limited to termination of employment.

77. By virtue of the foregoing, Defendant retaliated against Plaintiff based on reporting the sexual harassment and sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

78. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Punitive damages;

h. Reasonable attorney's fees and costs; and

i. For any other relief this Court may deem just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 4th day of October, 2023.

> /s/ *Travis P. Lampert*
> **TRAVIS P. LAMPERT, ESQ.**
> IL Bar No.: 99843
> **SULAIMAN LAW GROUP LTD.**
> 2500 S. Highland Avenue, Suite 200
> Lombard, Illinois 60148
> Phone (630) 581-5456
> Fax (630) 575 - 8188
> tlampert@sulaimanlaw.com
> *Attorney for Plaintiff*